OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Robert Luckenbach, filed December 1, 2005. Mr. Luckenbach appeals the trial court's November 2, 2005 Judgment Entry granting Mrs. Luckenbach's Motion to Modify Shared Parenting Plan. The parties have four minor children. Ms. Luckenbach, a resident of Greene County, plans to relocate to the Columbus, Ohio area to be closer to her extended family. The parties' Final Judgment and Decree of Divorce was filed April 12, 2005.
 {¶ 2} Mr. Luckenbach's first assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN ARBITRARILY REDUCING APPELLANT'S SUMMER PARENTING TIME"
 {¶ 4} Ohio courts apply an abuse of discretion standard when reviewing the propriety of a trial court's determination in a domestic relations matter. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. To prove an abuse of discretion, a party must demonstrate the court's attitude was unreasonable, arbitrary, or unconscionable. AAAA Enterprises,Inc. v. River Place Community Urban Development Corp.,50 Ohio St.3d 157, 161, 553 N.E.2d 597. "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." Id.
 {¶ 5} The parties' shared parenting plan provided that "[s]ummer parenting time shall be alternated on a weekly basis with the exchange of the children occurring Sunday at 6:00 p.m. Mother shall have the first week, Father shall have the second, and the parties shall continue to rotate the weeks throughout the summer until the commencement of school. * * * During the summer, both parents will have the opportunity to have the children for vacation periods up to 10 days. Vacation periods will be balanced so that the total time each parent spends with the children remains equal. * * *." Pursuant to this plan, Mr. Luckenbach would have had parenting time with the children for six of the twelve weeks of their summer vacation. In its Judgment Entry, the trial court modified Mr. Luckenbach's parenting time to the Greene County Domestic Relations Court Parenting Time Guideline ("Guideline"). The Guideline provides that the non-residential parent is entitled to 28 consecutive days of parenting time during summer vacation. The trial court's modification reduced Mr. Luckenbach's summer parenting time from six weeks to four. The trial court concluded that "Defendant's summer time will not be modified. No evidence was presented to show that additional summer parenting time is in the children's best interest."
 {¶ 6} While "a change has occurred in the circumstances of * * * [the children's] residential parent" that justifies a modification of the parties' shared parenting plan, there is no factual support in the record that the two week reduction in Mr. Luckenbach's summer parenting time "is necessary to serve the best interest of the [children]." R.C. 3109.04(E)(1)(a). The parties agreed at the hearing that Mr. Luckenbach should be awarded additional parenting time in the summer because he will be unable to have parenting time with the children midweek, once Ms. Luckenbach moves, due to distance and transportation issues. Ms. Luckenbach's counsel asked her at the hearing on her motion, "When you relocate to the Columbus, Ohio, area, what type of parenting schedule would you like the Court to set up between you and your ex-husband?" Ms. Luckenbach responded that she would like to give Mr. Luckenbach an extra week of parenting time in the summer, stating, "* * * And then for the midweek * * * three hour visitation, because of that difficulty in transport, probably adding that sum amount of time to the Summer visitation would be ideal." Mr. Luckenbach also proposed the addition of an extra week to his summer parenting time, along with an additional weekend each month.
 {¶ 7} Having reviewed the trial court's judgment and the record before us, we conclude that there is no sound reasoning process to support a two week reduction in Mr. Luckenbach's summer parenting time. Accordingly, we affirm but modify the court's judgment and grant Mr. Luckenbach 35 consecutive days (an additional week) of summer parenting time as permitted by App. R. 12(1)(a).
 {¶ 8} Mr. Luckenbach's second assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING HEARING ON SPECULATIVE ISSUES"
 {¶ 10} Contrary to Mr. Luckenbach's assertion, the record clearly establishes Ms. Luckenbach's intent to relocate, which can hardly be characterized as "speculative." She has extended family in the Columbus area, her house is on the market, and she anticipates that her position at Reynolds Reynolds will be terminated in the near future. Mr. Luckenbach's second assignment of error is overruled.
 {¶ 11} Accordingly, consistent with the language of this opinion, we affirm the judgment of the trial court as modified.
 . . . . . . . . . .
Grady, P.J. and Brogan, J., concur.